UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darrick Newsome, Jr.,                                    Case No. 3:20-cv-2630

              Plaintiff,

v.                                                   MEMORANDUM OPINION
                                                     AND ORDER

Shawn Wakefield, *et al.*,

              Defendants.

## I. INTRODUCTION AND BACKGROUND

*Pro se* plaintiff Darrick Newsome, Jr., an inmate at the Allen Oakwood Correctional Institution ("AOCI") in Lima, Ohio, filed suit against Defendants AOCI Investigator Shawn Wakefield, Chairman of the Rules Infraction Board ("RIB") Michael Ledesma, Case Manager Ms. Wilson, Assistant Warden Jody Factor, Restrictive Housing Sgt. Van Horn, and 3-House Unit Manager Ida Collier, alleging due process and equal protection violations and retaliation in connection with prison discipline imposed on him by the AOCI RIB in 2020. (Doc. No. 1). I dismissed Newsome's due process and equal protection claims pursuant to 28 U.S.C. § 1915(e)(2)(B), for failing to state a claim upon which relief may be granted. (Doc. No. 6). I also granted the motion of the State of Ohio to dismiss Newsome's remaining retaliation claim on behalf of all Defendants. (Doc. No. 25).

Newsome has filed a document he titled "Writ of Objection." (Doc. No. 27). It appears this document is a motion for reconsideration of my dismissal of his retaliation claim. The State of

Ohio has treated it as a motion for reconsideration as well and has filed a brief in opposition. (Doc. No. 28). For the reasons stated below, I deny Newsome's motion.

## II. STANDARD

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991). Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

Rule 60 also provides some limited recourse for a party seeking relief from a final judgment. Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

### III.  ANALYSIS

Newsome claims he was denied due process because: (1) I did not issue a scheduling order pursuant to Rule 16; (2) I did not issue an order setting a deadline for him to respond to the motion to dismiss; and (3) I denied his motion for summary judgment without requiring the Defendants to respond to it. (Doc. No. 27 at 2). These arguments are not persuasive.

First, Newsome has not shown he suffered any harm due to the absence of a scheduling order. The Local Civil Rules set the applicable deadline for responding to a dispositive motion. *See* Loc. R. 7.1(d). And Newsome in fact filed a timely brief in opposition to the motion to dismiss. (*See* Doc. No. 16). Moreover, I did not grant the motion to dismiss simply because Newsome did not respond to the State of Ohio's specific arguments. Instead, I reviewed Newsome's complaint, and I granted the motion because the factual allegations in the Complaint are insufficient to state a plausible claim for relief. (*See* Doc. No. 25).

Nor is Newsome entitled to relief because I denied his motion for summary judgment as moot. The Defendants moved for a stay of their response deadline due to the fully briefed motion to dismiss, (Doc. No. 19), and I granted that motion, staying the briefing until that motion was resolved. (Doc. No. 20). Further, Newsome's arguments in his summary judgment motion did not identify a sufficient causal connection between the Defendants' alleged conduct and Newsome's exercise of a protected right.

Therefore, I conclude Newcome fails to show he is entitled to relief under Rule 59 or Rule 60 and deny his motion.

## IV. CONCLUSION

For the reasons stated above, I overrule Newsome's Writ of Objection, (Doc. No. 27), and affirm my dismissal of Newsome's First Amendment retaliation claim. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge